1   JEFFER MANGELS BUTLER & MITCHELL LLP
    MARTIN H. ORLICK (Bar No. 083908)
2   LOUISE ANN FERNANDEZ (Bar No. 86263)
    AN NGUYEN RUDA (Bar No. 215453)
3   1900 Avenue of the Stars, Seventh Floor
    Los Angeles, California 90067-4308
4   Telephone:  (310) 203-8080
    Facsimile:   (310) 203-0567
5
    Attorneys for Defendant Bath & Body Works, LLC
6



FILED
CLERK U.S. DISTRICT COURT

APR 25 2011

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10  NORMA ROTHMAN, individually, and    CASE NO.
    on behalf of all others similarly situated,
11                                       **CV11-03516**DDP(PJWX)
              Plaintiff,
12                                       **DEFENDANT BATH & BODY**
         v.                              **WORKS, LLC'S NOTICE OF**
13                                       **REMOVAL TO FEDERAL COURT**
    BATH AND BODY WORKS, LLC, a
14  Delaware limited liability company, and
    Does 1-500,
15
              Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
7753564v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

**TO PLAINTIFF NORMA ROTHMAN, HER ATTORNEYS, AND THE ABOVE-CAPTIONED COURT:**

PLEASE TAKE NOTICE that Defendant Bath & Body Works, LLC ("BBW") removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles, where the action is now pending, to the United States District Court for the Central District of California. This civil action is removed on the basis of diversity jurisdiction under sections 1332, 1441, and 1453 of title 28 of the United States Code. For the reasons set forth below, this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at sections 1332 and 1453 of title 28 of the United States Code.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.  On or about March 16, 2011, Plaintiff Norma Rothman commenced a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled *Norma Rothman, individually, and on behalf of all others similarly situated v. Bath and Body Works, LLC, a Delaware limited liability company, and Does 1-500*, Case No. BC457472, by filing a complaint.

2.  The Complaint, which is styled as a class action, alleges three causes of action, including two for alleged violations of the Song-Beverly Credit Card Act of 1971, codified at California Civil Code section 1747.08 and one for alleged violations of Business and Professions Code section 17200. Compl., ¶¶ 21-33. Plaintiff's complaint arises from a purported credit card purchase transaction at a BBW store, whose location is not disclosed in the Complaint. *See* Compl., ¶22.

3.  On March 25, 2011, BBW was served with the summons, complaint, and supporting documents, all of which are attached. Specifically, a true and correct copy of the summons is attached as **Exhibit A**. A true and correct copy of the Complaint is attached as **Exhibit B**. A true and correct copy of all other accompanying documents is attached hereto as **Exhibit C**. A true and correct copy of the "Service of Process Transmittal" from CT Corporation, BBW's agent for service of process in

PRINTED ON RECYCLED PAPER

7753564v1

BBW's NOTICE OF REMOVAL

1  California, indicating a service date of March 25, 2011 is attached as **Exhibit D**.

2     4.  This Notice of Removal is timely because BBW filed it within thirty

3  days of when Plaintiff served it with the summons and complaint. 28 U.S.C. §

4  1446(b).

5     5.  BBW will give Plaintiff written notice as required under section 1446(b)

6  of title 28 of the United States Code by serving Plaintiff, through her counsel of

7  record, with this Notice of Removal and all documents filed in support thereof and

8  concurrently herewith on the date of filing of this Notice of Removal.

9          **SUBJECT MATTER JURISDICTION**

10     6.  Under CAFA, a district court shall have original jurisdiction over any

11  civil action styled as a class action in which: (1) the number of members of the

12  proposed plaintiff class is not less than one hundred, in the aggregate; (2) "the matter

13  in controversy exceeds the sum or value of $5,000,000, exclusive of interest and

14  costs;" and (3) "any member of a class of plaintiffs is a citizen of a State different

15  from any defendant." 28 U.S.C. §§ 1332(d)(2) & (d)(5).  If a state court putative class

16  action meets all of these three requirements, it may be removed to federal court.  28

17  U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district

18  courts of the United States have original jurisdiction, may be removed by the

19  defendant . . . .").  This action meets each of CAFA's requirements.

20   **THE PROPOSED CLASS DOES NOT HAVE LESS THAN 100 MEMBERS**

21     7.  Plaintiff seeks to certify a class consisting of:

22      All persons who engaged in a credit card transaction during
    the last four years at one of Defendants' retail stores located
23      in the State of California, and who was requested or
    required to provide personal identification information at
24      the time of the credit card transaction (hereinafter, the
    "Class").

25  Compl., ¶ 12.

26     8.  Plaintiff alleges that the putative class exceeds 1,000 members.  Compl.,

27  ¶13.  Without conceding liability or certifiability, BBW admits that its California

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1    stores have processed credit card transactions for more than 1,000 customers for the

2    one year preceding the filing of the Complaint.

3        9.    Accordingly, the number of putative class members required for removal

4    under CAFA are met.

5    ## THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

6        10.    Plaintiff's cause of action for alleged violations of section 1747.08 of

7    the California Civil Code carries a one-year statute of limitations under section 340 of

8    the California Code of Civil Procedure Code. *TJX Cos., Inc. v. Superior Court*, 163

9    Cal. App. 4th 80, 83 (2008).[1]

10        11.    Plaintiff's complaint does not plead a specific amount of damages. As

11   such, removal is proper if BBW establishes by a preponderance of evidence that

12   Plaintiff demands in excess of $5 million in damages the aggregate for herself and the

13   putative class. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (per

14   curiam) ("Where the complaint does not specify the amount of damages sought, the

15   removing defendant must prove by a preponderance of the evidence that the amount

16   in controversy requirement has been met,"); *see also Deehan v. Amerigas Partners,*

17   *L.P.*, No. 08 CV 1009, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008) ("The issue

18   is the amount Plaintiff has placed in controversy, not the amount that Defendant will

19   actually be held liable for."). This burden of proof "is not daunting, as courts

20   recognize that . . . a removing defendant is not obligated to research, state, and prove

21   the Plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.

22   2d 1199, 1204−05 (E.D. Cal. 2008) (emphasis in original; internal quotation marks

23   removed). Indeed, "[w]here a statutory maximum is specified, courts may consider

24   the maximum statutory penalty available in determining whether the jurisdictional

25   amount in controversy requirement is met." *Id.* at 1205; *accord Deehan*, 2008 WL

26

27   ------
     [1] This Notice of Removal does not address the statute of limitations for the Bus.
     & Prof. Code section 17200 cause of action, as Plaintiff has stated that this claim will
     be dismissed in a forthcoming First Amended Complaint.

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

7753564v1

1    4104475, at *2.

2       12.     Plaintiff contends that BBW violated California Civil Code section

3    1747.08 by requesting and recording personal identification information from each

4    person that used a credit card to purchase items from BBW stores in California during

5    the year preceding the filing of the Complaint. (Compl., ¶¶12, 15.)  Plaintiff's cause

6    of action for alleged violations of California Civil Code section 1747.08 carries a

7    maximum statutory penalty of $1,000 per violation.  Cal. Civ. Code § 1747.08(e).

8    Plaintiff alleges entitlement to civil penalties for herself and for each class member.

9    Compl., Prayer for Relief, 2.

10      13.     Plaintiff also seeks an award of "attorneys' fees and costs as allowed by

11    law according to proof."  Compl., Prayer for Relief, ¶ 5.

12      14.     Without conceding liability, appropriateness of class treatment,

13    Plaintiff's class definition, or the validity of Plaintiff's claim for relief (namely, a

14    statutory violation or that Plaintiff and putative class members are entitled to recover

15    civil penalties up to the statutory maximum of $1,000 for each for the alleged

16    violations of California Civil Code section 1747.08), the amount alleged by Plaintiff

17    to be "in controversy" in this action exceeds $5 million.  From March 16, 2010 to

18    March 16, 2011,  there were far in excess of 5,001 credit card purchase transactions at

19    BBW owned retail stores in California.  Declaration of Charles S. Webber ("Webber

20    Decl."), ¶ 6.  In fact, there were approximately 2,530,119 credit card purchase

21    transactions at BBW owned retail stores in California.  Webber Decl., ¶ 6.

22    Multiplying the statutory maximum penalty of $1,000 per transaction to the number

23    of transactions, BBW is far in excess of the CAFA's amount in controversy

24    minimum.

25      15.     Accordingly, BBW satisfies CAFA's second requirement that the amount

26    in controversy exceed $5 million. *See Korn*, 536 F. Supp. 2d at 1206 (holding that in

27    actions alleging violations of California Civil Code section 1747.08, "in order to

28    demonstrate that the amount in controversy meets the CAFA's jurisdictional

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

7753564v1

     BBW's NOTICE OF REMOVAL

1   requirement, defendant need only demonstrate that there are at least 5,001 putative

2   class claims") (italics in original).

3       16.   Additionally, the potential total amount of an attorneys' fee award should

4   also be considered when calculating the amount in controversy under CAFA.

5   *Lowdermilk v. U.S. Bank Nat'l Ass 'n*, 479 F.3d 994, 1000 ("We have held that

6   attorneys' fees were properly included in the amount in controversy in a class

7   action."); *see also Tompkins v. Basic Research LLC*, No. CIV, S 08-244, 2008 WL

8   1808316, at *4 & n.9 (E.D. Cal. April 22, 2008) (including 25% of common fund for

9   attorneys' fees when calculating amount in controversy). Plaintiff's request for

10  attorneys' fees in conjunction with the statutory penalty takes the amount in

11  controversy far over the CAFA statutory threshold. *See* 28 U.S.C. § 1332(d)(2).

12      17.   BBW therefore satisfies CAFA's second requirement that the amount in

13  controversy exceed $5 million. 28 U.S.C. § 1332(d)(2) & (d)(6).

14  **THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

15      18.   BBW is informed and believes, and thereon alleges, Plaintiff is and at all

16  relevant times was a citizen of California. *See* Compl., ¶4.

17      19.   BBW is a Delaware limited liability company, and its principal place of

18  business and headquarters is Reynoldsburg, Ohio. *See* Webber Decl., ¶3; *see also*

19  Compl., caption ("Bath and Body Works, LLC a Delaware limited liability

20  Company") and ¶5 ("Defendant, Bath and Body Works, LLC...is and at all time

21  mentioned herein was a Delaware limited liability company....with its corporate

22  headquarters located at 7 Limited Parkway, Reynolds [sic], OH 43068").

23      20.   Accordingly, BBW is a citizen of Ohio and/or Delaware for purposes of

24  diversity. *See Hertz Corp. v. Friend*, 559 U.S. ----, 130 S. Ct. 1181, 1192 (2010)

25  (holding that a corporation's principal place of business is "the place where a

26  corporation's officers direct, control, and coordinate the corporation's activities" and

27  "the place where the corporation maintains its headquarters"); *see also Carijano v.*

28  *Occidental Petroleum Corp.*, 626 F.3d 1137, 1151 fn.3 (9th Cir. 2010) (applying the

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER

7753564v1

1     *Hertz* test to determine defendant's principal place of business).

2         21.    The citizenship of unnamed "Doe" defendants sued under fictitious

3     names is disregarded for purposes of removal.  28 U.S.C. § 1441(a).

4         22.    Moreover, some of the class members are necessarily citizens of

5     California and not citizens of the state in which BBW is a citizen, namely, Ohio

6     and/or Delaware as Plaintiff's complaint is based on point of sale credit card

7     transactions at retail stores located in California.  Compl., ¶ 11.

8         23.    Consequently, minimum diversity is satisfied under section

9     1332(d)(2)(A) of title 28 of the United States Code.

10                 **VENUE IS PROPER**

11         24.    Removal to this judicial district and division is proper under sections

12     1441(a) and 1446(a) of title 28 of the United States Code because the state court

13     action was originally pending in this judicial district—namely, the Superior Court of

14     the State of California for the County of Los Angeles.

15     **NOTICE TO THE SUPERIOR COURT OF LOS ANGELES COUNTY**

16         25.    Contemporaneously with the filing of this Notice of Removal, BBW is

17     filing a true and correct copy of this Notice of Removal and all documents filed in

18     support thereof and concurrently therewith with the clerk of the Superior Court of the

19     State of California for the County of Los Angeles, under section 1446(d) of title 28 of

20     the United States Code.

21         WHEREFORE, Defendant hereby gives notice that the above action pending in

22     the Superior Court of the State of California for the County of Los Angeles is hereby

23     removed in its entirety to this Court.

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

7753564v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    DATED:  April 25, 2011     JEFFER MANGELS BUTLER & MITCHELL LLP

2                                        MARTIN H. ORLICK

                                           LOUISE ANN FERNANDEZ

3                                        AN NGUYEN RUDA

4

5                         By: _____

                                   AN NGUYEN RUDA

6                    Attorneys for Defendant Bath and Body Works, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels
Butler & Mitchell LLP

7753564v1

   BBW's NOTICE OF REMOVAL

**Exhibit A**

**EXHIBIT A**

*3/25 @ 2:15pm*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BATH AND BODY WORKS, LLC a Delaware limited liability
company, and DOES 1 – 500,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NORMA ROTHMAN, individually, and on behalf of all others similarly
situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

**MAR 16 2011**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles Superior Court <br><br> 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> **BC457472** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Caleb LH Marker, Esq. (SBN 269721) 555 E. Ocean Blvd. Ste. 500, Long Beach, CA 90802 (562) 216-7380

| DATE: **MAR 16 2011** <br> *(Fecha)* | Clerk, by <br> *(Secretario)* | , Deputy <br> *(Adjunto)* |
| --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Bath and Body Works, LLC
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* a Delaware limited liability Company
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Exhibit B

**EXHIBIT B**

1   RIDOUT & LYON, LLP
    CHRISTOPHER P. RIDOUT (State Bar No. 143931)
2   Email: c.ridout@ridoutlyonlaw.com
    DEVON M. LYON (State Bar No. 218293)
3   Email: d.lyon@ridoutlyonlaw.com
    CALEB LH MARKER (State Bar No. 269721)
4   Email: c.marker@ridoutlyonlaw.com
    555 E. Ocean Blvd., Ste. 500
5   Long Beach, California 90802
    (562) 216-7380
6   (562) 216-7385 Fax

7   **Attorneys for Plaintiffs**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **COUNTY OF LOS ANGELES CENTRAL DIVISION**

10  NORMA ROTHMAN, individually, and on          Case No.:        BC457472
    behalf of all others similarly situated,
11                                                Assigned for all purposes to:
12              Plaintiff,                        **COMPLAINT (CLASS ACTION)**
13          v.                                    For Violation Of:
14
    BATH AND BODY WORKS, LLC a Delaware   1.  California Civil Code § 1747.08 (Violation);
15  limited liability company, and DOES 1 – 500,  2.  California Civil Code § 1747.08 (Injunctive
                                                      Relief); and
16              Defendants.                    3.  Violation of Business and Professions Code
                                                  § 17200
17
                                                      (Jury Trial Demanded)
18

19

20          Plaintiff, Norma Rothman, brings this action by and through her undersigned counsel, on

21  behalf of herself and all others similarly situated, based on information and belief and the

22  investigation of counsel, except for information based on personal knowledge, hereby alleges as

23  follows:

24                          **I.      NATURE OF ACTION**

25          1.      This lawsuit is a class action brought by Plaintiff pursuant to Code of Civil

26  Procedure §382 against Defendants for violation of California Civil Code § 1747.08 (the "Song-

27  Beverly Credit Card Act"). Specifically, Plaintiff alleges that Defendants request and/or require its

28

    COMPLAINT                                                                    1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 16 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
        DOROTHY SWAIN

0012

1 customers to provide personal identification information when they complete a transaction using

2 their credit card, in violation of the Song-Beverly Credit Card Act.

3 ## II. JURISDICTION AND VENUE

4     2.    This Court has jurisdiction over the violations of the California Civil Code

5 complained of herein.

6     3.    Venue is appropriate in this Court as a substantial part of the events and conduct

7 giving rise to the claims this action occurred in this county and certain Defendants reside in,

8 transact business with class members in, and maintain a principal place of business in this county.

9 ## III. PARTIES

10     4.    Plaintiff, Norma Rothman ("Plaintiff"), is and was at all times herein mentioned an

11 adult over the age of 21 years and residing in the County of Los Angeles, State of California.

12     5.    Defendant, Bath and Body Works, LLC ("Defendant") is and at all times mentioned

13 herein was a Delaware limited liability company doing business in the State of California, with its

14 corporate headquarters located at 7 Limited Parkway, Reynolds, OH 43068. Defendant's agent for

15 service of process is CT Corporation System located at 818 W. 7th Street, Los Angeles, CA 90017.

16     6.    Defendant, together with its subsidiaries, operates a chain of retail stores.

17 Defendant's stores sell a selection of fragrance products, including but not limited to bath and

18 shower, lotions and creams, personal fragrance, lip products, skincare and treatment, aromatherapy

19 and hand soaps. Defendants boast that their products combine traditional spa treatments with

20 botanical and natural ingredients to develop a collection of advanced, easy-to-use personal care

21 products with proven effectiveness.

22     7.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

23 DOES 1 through 500, inclusive, and each of them, and therefore sues said defendants by such

24 fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said

25 defendants when ascertained. Plaintiff is informed and believes, and based thereon alleges that

26 each of said fictitiously named defendants acted intentionally, negligently, and/or recklessly or is

27 responsible in some manner for the occurrences herein alleged, and that each of the violations of

28 Plaintiff's rights as herein alleged were proximately and legally caused by said defendants' actions.

COMPLAINT     2

8.     Plaintiff is informed and believes, and based thereon alleges that all of the defendants identified herein, whether identified by name or by fictitious name, were and are the agents, servants, and employees of each of the remaining defendants, and that in doing the things alleged herein were acting within the purpose, course and scope of said agency, service, and/or employment and with the permission, consent, authorization, and subsequent ratification of each of the remaining defendants.

9.     Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, agreed to, cooperated with, aided, abetted, encouraged, ratified, and/or adopted the acts, actions, wrongdoing, and representations of each of the remaining Defendants herein.

## IV. CLASS ACTION ALLEGATIONS

10.     This action is brought as a class action pursuant to Code of Civil Procedure §382 and any other applicable laws or rules of civil procedure.  In addition to statutory damages for Class Members, this action seeks recovery of economic damages, restitution, injunctive and equitable relief arising from Defendants' credit card practices, such as the disgorgement and recovery monies paid to Defendants by marketing companies.

11.     **Class Definition:**  The Class sought to be represented in this action as it relates to the is defined as follows:

> All persons who engaged in a credit card transaction during the last four (4) years at one of Defendants' retail stores located in the State of California, and who was requested or required to provide personal identification information at the time of the credit card transaction (hereinafter, the "Class").

The Class Period dates back four years (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was commenced and continues through the present and the date of judgment. Excluded from the Class are: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or

1   family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to

2   hear this case.

3        12.    The Class includes persons who:

4            a.    have been requested, or required as a condition to the acceptance of the

5                 credit card as payment in full or in part for goods or services, to write

6                 personal identification information (as defined in California Civil Code

7                 section 1747.08) upon the credit card transaction form or otherwise; and/or

8            b.    have been requested, or required as a condition to the acceptance of the

9                 credit card as payment in full or in part for goods or services, to provide

10                personal identification information (as defined in California Civil Code

11                section 1747.08), which the person, firm, partnership, association, or

12                corporation accepting the credit card has written, caused to be written, or

13                otherwise recorded upon the credit card transaction form or otherwise;

14                and/or

15           c.    have been subject to Defendant's utilization of a credit card form which

16                contained preprinted spaces specifically designated for filling in personal

17                identification information (as defined in California Civil Code section

18                1747.08).

19       13.    **Numerosity of the Class.** Members of the class are so numerous that their

20   individual joinder herein is impracticable.  The precise number of members of the class

21   and their addresses are presently unknown to Plaintiff, but is believed to exceed 1,000

22   people.   Defendants operate numerous retail stores in the State of California, with each

23   store serving hundreds of customers per day. The precise number of persons in the class

24   and their identities and addresses may be ascertained from defendants' records. If

25   deemed necessary by the Court, members of the class may be notified of the pendency

26   of this action by mail, supplemented by published notice.

27       14.    **Ascertainable Class.** The proposed Class is ascertainable. The litigation of the

28   questions of fact and law involved in this action will resolve the rights of all members of the

COMPLAINT                                                                4

1   Class and hence, will have binding effect on all class members. These Class Members can be

2   readily identified from point-of-sale computer files of the Defendants and other means readily

3   available to the Defendants, and thus the Plaintiff, through minimally intrusive discovery. The

4   class is numerous. Joinder of all class members is impracticable due to both a reluctance of class

5   members to sue Defendants and the relatively small monetary recovery for each class member in

6   comparison to the costs associated with separate litigation.

7       15.   **Common Questions of Fact and Law Exist and Predominate over**

8   **Individual Issues.** There is a well-defined community of interest in the questions of law

9   and fact involved affecting the parties to be represented. These common questions of

10   law and fact exist as to all members of the class and predominate over the questions

11   affecting only individual members of the class.   These common legal and factual

12   questions include without limitation:

13       a.   Whether Defendants conduct in requesting and/or requiring personal

14           identification information from their customers violates California Civil

15           Code § 1747.08; and

16       b.   Whether Defendants conduct in providing credit card forms that

17           contain preprinted spaces for filling in personal identification information

18           violates California Civil Code § 1747.08.

19       16.   **Typicality.** The claims of Plaintiff are typical of the claims of the Class.

20   Plaintiff and all Class Members engaged in a credit card transaction at one of

21   Defendant's California retail locations.   Plaintiff and all Class Members were requested

22   and/or required to provide personal identification information in violation of California

23   law.

24       17.   **Adequacy.** Plaintiff is an adequate representative of the Class on whose

25   behalf this action is prosecuted.   Plaintiff's interests do not conflict with the interests of

26   the Class.   Plaintiff has retained competent counsel with experience in class action

27   litigation and will prosecute this action vigorously.   As a result, Plaintiff can fairly and

28   adequately represent and protect the interests of the class in that there are no conflicts between

COMPLAINT                                                           5

1   their interests and the interests of other class members, this action is not collusive, the named

2   Plaintiff and her counsel have the necessary resources to litigate this action, and counsel has the

3   experience and ability required to prosecute this case as a class action.

4       18.    **Community of Interest.** The proposed Class has a well defined community of

5   interest in the questions of fact and law to be litigated. The common questions of law and fact are

6   predominant with respect to the liability issues, relief issues and anticipated affirmative defenses.

7   The named Plaintiff has claims typical of the class members. There is a well-defined community

8   of interest in the questions of law and fact involved affecting the plaintiff class in that the claims

9   of all such class members relate to and arise out of a common scheme and practice utilized by

10   Defendants in credit card transactions by which said Defendants (1) request and/or require

11   personal identification information from their customers, and/or (2) use credit card forms which

12   contain preprinted spaces for filling in personal identification information, all in violation of

13   California Civil Code section 1747.08.

14       19.    **Superiority of Class Adjudication.** The certification of a class in this action is

15   superior to the litigation of a multitude of cases by members of the putative class. Class

16   adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings.

17   Equity dictates that all persons who stand to benefit from the relief sought herein should be

18   subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the

19   class members in relationship to the benefits received. The statutory damages, restitution and

20   other potential recovery for each individual member of the class are modest, relative to

21   the substantial burden and expense of individual prosecution of these claims. Given the

22   amount of the individual class members' claims, few, if any, class members could afford

23   to seek legal redress individually for the wrongs complained of herein. Even if the

24   members of the class themselves could afford individual litigation, the court system

25   could not. Individualized litigation presents a potential for inconsistent or contradictory

26   judgments. Individualized litigation increases the delay and expense to all parties and the

27   court system presented by the complex legal and factual issues of the case. By contrast,

28   the class action device presents far fewer management difficulties, and provides the

COMPLAINT                                                                            6

1    benefits of single adjudication, economy of scale, and comprehensive supervision by a

2    single court.

3        20.    In the alternative, the above-referenced class may be certified because:

4            a.    The prosecution of separate actions by the individual members of the

5                class would create a risk of inconsistent or varying adjudication with

6                respect to individual class members' claims which would establish

7                incompatible standards of conduct for defendants;

8            b.    The prosecution of separate actions by individual members of the

9                class would create a risk of adjudications which would as a practical

10               matter be dispositive of the interests of other members of the class

11               who are not parties to the adjudications, or which would

12               substantially impair or impede the ability of other class members to

13               protect their interests; and,

14           c.    Defendants have acted or refused to act on grounds generally

15               applicable to the class, thereby making appropriate final and

16               injunctive relief with respect to the class.

17                         **V. FIRST CAUSE OF ACTION**

18           **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1747.08**

19                            **(Against All Defendants)**

20       21.    Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully

21    set forth herein.

22       22.    During the Class Period, Plaintiff has purchased certain items from Defendants by

23    means of a credit card transaction. At the time of said purchases, Defendants requested and/or

24    required Plaintiff to provide her ZIP code, which Defendants recorded as a part of processing the

25    credit card transaction. As a result, Plaintiff provided personal identification information to

26    Defendants and Plaintiff is informed and believes said Defendants recorded said information in

27    their computer and information systems all in violation of California Civil Code section 1747.08.

28

COMPLAINT                                                                7

0018

23.    In the course of accepting credit card payments from Plaintiff and all those similarly situated, Defendants have employed a pattern, scheme, practice and/or policy relative to processing purchases whereby Defendants have requested and/or required that purchasers provide personal information to Defendants as part of the processing of the credit card transactions. Plaintiff is informed and believes and based thereon alleges that Defendants have then caused all the personal identification information to be otherwise recorded in Defendants' computer and information systems.

24.    California Civil Code section 1747.08(e) provides that any person who violates its provisions shall be subject to a civil penalty not to exceed two hundred fifty dollars ($250.00) for the first violation and one thousand dollars ($1,000.00) for each subsequent violation. Accordingly, Plaintiff seeks an award to be determined at time of trial in compliance with said provisions.

25.    Plaintiff has incurred and, during the pendency of this action, will incur expenses for attorney's fees and costs herein. Among other things, Plaintiff is informed and believes, and based thereon alleges, that this action will result in the enforcement of an important right affecting the public interest, that a significant benefit will be conferred thereby upon the general public and/or a large class of persons, that the necessity and financial burden of private enforcement are such as to make a recovery of said fees and costs appropriate, and such fees should in the interests of justice be paid by Defendants. Said attorney's fees and costs are necessary for the prosecution of this action and will result in a benefit for each of the members of the class. Plaintiff will seek to recover said attorneys' fees and costs according to proof at the time of trial herein pursuant to law, including, but not limited to, the provisions of Code of Civil Procedure section 1021.5 and otherwise.

## VI. SECOND CAUSE OF ACTION

### INJUNCTIVE RELIEF FOR VIOLATION OF CAL. CIVIL CODE § 1747.08

#### (Against All Defendants)

26.    Plaintiff hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

COMPLAINT                                                                              8

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' violations of California Civil Code section 1747.08 are continuing. There is no plain, speedy and/or effective remedy available to Plaintiff to bring said violations to an end.

28.     Plaintiff therefore requests that the court enter a preliminary injunction, to be followed by a permanent injunction, barring Defendants, and/or anyone acting in concert therewith, from doing any of the following:

     a.    Utilizing any credit card form (printed, electronic or otherwise) with any space(s) specifically designated for filling in any personal identification information of the cardholder, specifically including the cardholder's address and/or telephone number; and/or,

     b.    Requesting, and/or requiring as a condition to accepting credit cards as payment in full or in part for any goods and/or services, that any credit cardholder provide any personal identification information, specifically including the cardholder's address and/or telephone number; and/or,

     c.    Writing or otherwise recording, and/or causing to be written and/or otherwise recorded in any form, any personal identification information, specifically including, but not limited to, any credit cardholder's address and/or telephone number, while processing any credit card transaction.

29.     Plaintiff has incurred and, during the pendency of this action, will incur expenses for attorney's fees and costs herein. Among other things, Plaintiff is informed and believes, and based thereon alleges, that this action will result in the enforcement of an important right affecting the public interest, that a significant benefit will be conferred thereby upon the general public and/or a large class of persons, that the necessity and financial burden of private enforcement are such as to make a recovery of said fees and costs appropriate, and such fees should in the interests of justice be paid by Defendants. Said attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit for each of the members of the class. Plaintiff will seek to recover said attorney's fees and costs according to proof at the time of trial herein pursuant to law,

COMPLAINT                                    9

1  including, but not limited to, the provisions of Code of Civil Procedure section 1021.5 and
2  otherwise.

### VII. THIRD CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.

#### (Against All Defendants)

6      30.    Plaintiff fully incorporates by reference herein all of the above paragraphs, as
7  though fully set forth herein.

8      31.    Defendants, and each of them, have engaged in unlawful business acts and
9  practices. Such acts and practices constitute unfair business practices in violation of Business and
10  Professions Code §§17200 *et seq.* (the "UCL")

11      32.    In particular, defendants, and each of them, have engaged in unlawful business
12  acts which include:

13          a.    Defendants' conduct in requesting and/or requiring personal
14                identification information from their customers in violation of California
15                Civil Code § 1747.08; and

16          b.    Defendants' conduct in providing credit card forms that contain
17                preprinted spaces for filling in personal identification information  in
18                violation of California Civil Code § 1747.08.

19      33.    As a direct and proximate result of the Defendants' above-described unfair,
20  unlawful and fraudulent business practices, Defendants have violated the UCL causing class
21  members to be injured, suffer harm, and incur the loss of money. Specifically, Plaintiff are
22  entitled to the value and/or residual value of the personal identification information wrongfully
23  obtained by Defendants, including any monies obtained through the sale, barter, or exchange of
24  Plaintiff and the Class' personal identification information to third-party list brokers and/or any
25  other entity. Plaintiff seeks restitution, disgorgement of ill-gotten gains, attorneys' fees, and all
26  other remedies permitted by law.

27  ///
28  ///

COMPLAINT                                                                                10

1       **WHEREFORE,** Plaintiff prays judgment against Defendants, and each of them, as

2   follows:

3       1.   For a Court order certifying that the action may be maintained as a class action;

4       2.   As to the First Cause of Action, for an award of a statutory penalty pursuant to

5   California Civil Code § 1747.08(e) for Plaintiff and for each person similarly situated for each

6   violation of Civil Code section 1747.08 in an amount to be determined by the trier-of-fact at trial;

7       3.   As to the Second Cause of Action, for a preliminary injunction, followed by a

8   permanent injunction, barring Defendants, and/or anyone acting in concert therewith, from doing

9   any of the following:

10       a.   Utilizing any credit card form (printed, electronic or otherwise) with any

11          space(s) specifically designated for filling in any personal identification

12          information of the cardholder, specifically including the cardholder's

13          address and/or telephone number; and/or,

14       b.   Requesting, and/or requiring as a condition to accepting credit cards as

15          payment in full or in part for any goods and/or services, that any credit

16          cardholder provide any personal identification information, specifically

17          including the cardholder's address and/or telephone number; and/or,

18       c.   Writing or otherwise recording, and/or causing to be written and/or

19          otherwise recorded in any form, any personal identification information,

20          specifically including, but not limited to, any credit cardholder's address

21          and/or telephone number, while processing any credit card transaction;

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

4.   For restitution of property;

5.   For reasonable attorneys' fees and costs as allowed by law according to proof;

6.   For any and all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RIDOUT & LYON, LLP

Dated: March 15, 2011   By: _____
Christopher P. Ridout, CA Bar No. 143931
Devon M. Lyon, CA Bar No. 218293
Caleb LH Marker, CA Bar No. 269721
555 E. Ocean Boulevard, Suite 500
Long Beach, CA  90802
(562) 216-7380 Telephone
(562) 216-7385 Fax

**Attorneys for Plaintiffs**

COMPLAINT                                                                                    12

Exhibit C

**EXHIBIT C**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Caleb LH Marker, Esq. (SBN 269721)
RIDOUT & LYON, LLP
555 E. Ocean Blvd., Ste. 500
Long Beach, CA 90802
TELEPHONE NO.: (562) 216-7380    FAX NO.: (562) 216-7385
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

FOR COURT USE ONLY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 16 2011

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
DOROTHY SWAIN

CASE NAME:
Rothman v. Bath and Body Works, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC457472 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (*specify*):  Three
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (*You may use form CM-015.*)

Date: March 15, 2011
Caleb LH Marker, Esq.
_____    ▶    _____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

0025

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book account) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

<b>CIVIL CASE COVER SHEET</b>

0026

| SHORT TITLE: Rothman v. Bath and Body Works, LLC | CASE NUMBER BC457472 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., ③ |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

0027

| SHORT TITLE:<br>Rothman v. Bath and Body Works, LLC | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Rothman v. Bath and Body Works, LLC | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

0029

| SHORT TITLE:<br>Rothman v. Bath and Body Works, LLC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>□1. □2. ☑3. □4. □5. □6. □7. □8. □9. □10. | | | ADDRESS:<br>7362 Carson Blvd. |
|---|---|---|---|
| CITY:<br>Long Beach | STATE:<br>CA | ZIP CODE:<br>90808 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u>     courthouse in the <u>Central</u>         District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>March 15, 2011</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

0030

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT   BC457472

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this for

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW | ✓ |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

*Class Actions

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 9000
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____

JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Exhibit D

**EXHIBIT D**

