**ORIGINAL**

1   RIDOUT & LYON, LLP
2   CHRISTOPHER P. RIDOUT (State Bar No. 143931)
    Email: c.ridout@ridoutlyonlaw.com
3   DEVON M. LYON (State Bar No. 218293)
    Email: d.lyon@ridoutlyonlaw.com
4   CALEB LH MARKER (State Bar No. 269721)
    Email: c.marker@ridoutlyonlaw.com
5   555 E. Ocean Blvd., Ste. 500
    Long Beach, California 90802
6   (562) 216-7380
    (562) 216-7385 Fax
7
    **Attorneys for Plaintiffs**
8

RECEIVED
BUT NOT FILED

MAY 1 0 2011

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ AF _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ SC _____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA ROTHMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BATH AND BODY WORKS, LLC a Delaware limited liability company, and DOES 1 – 10,<br><br>Defendants. | Case No.: 2:11-cv-03516-DDP-PJW<br><br>**FIRST AMENDED COMPLAINT (CLASS ACTION)**<br><br>For Violation Of:<br><br>1. California Civil Code § 1747.08 |

Plaintiff, Norma Rothman, brings this action by and through her undersigned counsel, on behalf of herself and all others similarly situated, based on information and belief and the investigation of counsel, except for information based on personal knowledge, hereby alleges as follows:

### I.      NATURE OF ACTION

1.      This lawsuit is a class action brought by Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendants for violation of California Civil Code § 1747.08 (the "Song-Beverly Credit Card Act"). Specifically, Plaintiff

1  alleges that Defendants request and/or require its customers to provide personal
2  identification information when they complete a transaction using their credit card,
3  in violation of the Song-Beverly Credit Card Act.

**II. JURISDICTION AND VENUE**

2.   This Court has jurisdiction pursuant to 28 U.S.C. 1332(d).

3.   Venue is appropriate in this Court as a substantial part of the events and
conduct giving rise to the claims this action occurred in this Judicial District and
certain Defendants reside in, transact business with class members in, and maintain a
principal place of business in this Judicial District.

**III. PARTIES**

4.   Plaintiff, Norma Rothman ("Plaintiff"), is and was at all times herein
mentioned an adult over the age of 21 years and residing in the County of Los
Angeles, State of California.

5.   Defendant, Bath and Body Works, LLC ("Defendant") is and at all
times mentioned herein was a Delaware limited liability company doing business in
the State of California, with its corporate headquarters located at 7 Limited Parkway,
Reynolds, OH 43068.  Defendant's agent for service of process is CT Corporation
System located at 818 W. 7th Street, Los Angeles, CA 90017.

6.   Defendant, together with its subsidiaries, operates a chain of retail
stores.  Defendant's stores sell a selection of fragrance products, including but not
limited to bath and shower, lotions and creams, personal fragrance, lip products,
skincare and treatment, aromatherapy and hand soaps.  Defendants boast that their
products combine traditional spa treatments with botanical and natural ingredients to
develop a collection of advanced, easy-to-use personal care products with proven
effectiveness.

7.   Plaintiff is ignorant of the true names and capacities of defendants sued
herein as DOES 1 through 10, inclusive, and each of them, and therefore sues said
defendants by such fictitious names. Plaintiff will amend this complaint to allege the

1  true names and capacities of said defendants when ascertained. Plaintiff is informed
2  and believes, and based thereon alleges that each of said fictitiously named
3  defendants acted intentionally, negligently, and/or recklessly or is responsible in
4  some manner for the occurrences herein alleged, and that each of the violations of
5  Plaintiff's rights as herein alleged were proximately and legally caused by said
6  defendants' actions.

7      8.    Plaintiff is informed and believes, and based thereon alleges that all of
8  the defendants identified herein, whether identified by name or by fictitious name,
9  were and are the agents, servants, and employees of each of the remaining
10  defendants, and that in doing the things alleged herein were acting within the
11  purpose, course and scope of said agency, service, and/or employment and with the
12  permission, consent, authorization, and subsequent ratification of each of the
13  remaining defendants.

14      9.    Plaintiff is informed and believes, and based thereon alleges that
15  Defendants, and each of them, agreed to, cooperated with, aided, abetted,
16  encouraged, ratified, and/or adopted the acts, actions, wrongdoing, and
17  representations of each of the remaining Defendants herein.

18                    **IV. CLASS ACTION ALLEGATIONS**

19      10.    This action is brought as a class action pursuant to Rule 23 of the
20  Federal Rules of Civil Procedure and any other applicable laws or rules of civil
21  procedure.  In addition to statutory damages for Class Members, this action
22  seeks restitution arising from Defendant's credit card practices, such as the
23  disgorgement and recovery monies paid to Defendant by marketing
24  companies.

25      11.    **Class Definition**: The Class sought to be represented in this action as
26  it relates to the is defined as follows:

27          All persons who engaged in a credit card transaction during the
           last one (1) year at one of Defendant's retail stores located in the
28          State of California, and who was requested or required to provide

FIRST AMENDED COMPLAINT (CLASS ACTION)                                    3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

personal identification information at the time of the credit card transaction (hereinafter, the "Class").

The Class Period dates back one (1) year (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was commenced and continues through the present and the date of judgment. Excluded from the Class are: (a) any officers, directors or employees of Defendant; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case.

12.   The Class includes persons who:

a.   have been requested, or required as a condition to the acceptance of the credit card as payment in full or in part for goods or services, to write personal identification information (as defined in California Civil Code section 1747.08) upon the credit card transaction form or otherwise; and/or

b.   have been requested, or required as a condition to the acceptance of the credit card as payment in full or in part for goods or services, to provide personal identification information (as defined in California Civil Code section 1747.08), which the person, firm, partnership, association, or corporation accepting the credit card has written, caused to be written, or otherwise recorded upon the credit card transaction form or otherwise; and/or

c.   have been subject to Defendant's utilization of a credit card form which contained preprinted spaces specifically designated for filling in personal identification information (as defined in California Civil Code section 1747.08).

FIRST AMENDED COMPLAINT (CLASS ACTION)                                               4

13.   **Numerosity of the Class.**   Members of the class are so numerous that their individual joinder herein is impracticable.  The precise number of members of the class and their addresses are presently unknown to Plaintiff, but is believed to exceed 1,000 people.   Defendant operates numerous retail stores in the State of California, with each store serving hundreds of customers per day.  The precise number of persons in the class and their identities and addresses may be ascertained from Defendant's records. If deemed necessary by the Court, members of the class may be notified of the pendency of this action by mail, supplemented by published notice.

14.   **Ascertainable Class**. The proposed Class is ascertainable. The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the Class and hence, will have binding effect on all class members. These Class Members can be readily identified from point-of-sale computer files of Defendant and other means readily available to Defendant, and thus the Plaintiff, through minimally intrusive discovery. The class is numerous. Joinder of all class members is impracticable due to both a reluctance of class members to sue Defendant and the relatively small monetary recovery for each class member in comparison to the costs associated with separate litigation.

15.   **Common Questions of Fact and Law Exist and Predominate over Individual Issues.**   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members of the class. These common legal and factual questions include without limitation:

a.  Whether Defendant's conduct in requesting and/or requiring personal identification information from their customers violates California Civil Code § 1747.08; and

b.  Whether Defendant's conduct in providing credit card forms that contain preprinted spaces for filling in personal identification information  violates California Civil Code § 1747.08.

16.  **Typicality.** The claims of Plaintiff are typical of the claims of the Class.  Plaintiff and all Class Members engaged in a credit card transaction at one of Defendant's California retail locations.  Plaintiff and all Class Members were requested and/or required to provide personal identification information in violation of California law.

17.  **Adequacy.** Plaintiff is an adequate representative of the Class on whose behalf this action is prosecuted.  Plaintiff's interests do not conflict with the interests of the Class.  Plaintiff has retained competent counsel with experience in class action litigation and will prosecute this action vigorously.  As a result, Plaintiff can fairly and adequately represent and protect the interests of the class in that there are no conflicts between their interests and the interests of other class members, this action is not collusive, the named Plaintiff and her counsel have the necessary resources to litigate this action, and counsel has the experience and ability required to prosecute this case as a class action.

18.  **Community of Interest**. The proposed Class has a well defined community of interest in the questions of fact and law to be litigated. The common questions of law and fact are predominant with respect to the liability issues, relief issues and anticipated affirmative defenses. The named Plaintiff has claims typical of the class members. There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class in that the claims of all such class members relate to and arise out of a common scheme and practice

1    utilized by Defendant in credit card transactions by which said Defendant (1)
2    request and/or require personal identification information from their customers,
3    and/or (2) use credit card forms which contain preprinted spaces for filling in
4    personal identification information, all in violation of California Civil Code section
5    1747.08.

6        19.    **Superiority of Class Adjudication**. The certification of a class in this
7    action is superior to the litigation of a multitude of cases by members of the
8    putative class. Class adjudication will conserve judicial resources and will avoid
9    the possibility of inconsistent rulings. Equity dictates that all persons who stand to
10   benefit from the relief sought herein should be subject to the lawsuit and hence
11   subject to an order spreading the costs of the litigation among the class members in
12   relationship to the benefits received.  The statutory damages, restitution and
13   other potential recovery for each individual member of the class are modest,
14   relative to the substantial burden and expense of individual prosecution of
15   these claims.   Given the amount of the individual class members' claims,
16   few, if any, class members could afford to seek legal redress individually for
17   the wrongs complained of herein.   Even if the members of the class
18   themselves could afford individual litigation, the court system could not.
19   Individualized litigation presents a potential for inconsistent or contradictory
20   judgments.  Individualized litigation increases the delay and expense to all
21   parties and the court system presented by the complex legal and factual
22   issues of the case. By contrast, the class action device presents far fewer
23   management difficulties, and provides the benefits of single adjudication,
24   economy of scale, and comprehensive supervision by a single court.

25       20.    In the alternative, the above-referenced class may be certified
26   because:

27               a.    The prosecution of separate actions by the individual
28                     members of the class would create a risk of inconsistent or

FIRST AMENDED COMPLAINT (CLASS ACTION)                                            7

varying adjudication with respect to individual class
members' claims which would establish incompatible
standards of conduct for Defendant; and

b.   The prosecution of separate actions by individual members
of the class would create a risk of adjudications which
would as a practical matter be dispositive of the interests
of other members of the class who are not parties to the
adjudications, or which would substantially impair or
impede the ability of other class members to protect their
interests.

## V. FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE SECTION 1747.08

### (Against All Defendants)

21.   Plaintiff hereby incorporates all of the preceding paragraphs by
reference as if fully set forth herein.

22.   During the Class Period, Plaintiff has purchased certain items from
Defendant by means of a credit card transaction. At the time of said purchases,
Defendant requested and/or required Plaintiff to provide her ZIP code, which
Defendant recorded as a part of processing the credit card transaction. As a result,
Plaintiff provided personal identification information to Defendant and Plaintiff is
informed and believes said Defendant recorded said information in their computer
and information systems all in violation of California Civil Code section 1747.08.

23.   In the course of accepting credit card payments from Plaintiff and all
those similarly situated, Defendant has employed a pattern, scheme, practice and/or
policy relative to processing purchases whereby Defendant has requested and/or
required that purchasers provide personal information to Defendant as part of the
processing of the credit card transactions. Plaintiff is informed and believes and
based thereon alleges that Defendant has then caused all the personal identification

1  information to be otherwise recorded in Defendant's computer and information
2  systems.

3      24.    California Civil Code section 1747.08(e) provides that any person who
4  violates its provisions shall be subject to a civil penalty not to exceed two hundred
5  fifty dollars ($250.00) for the first violation and one thousand dollars ($1,000.00) for
6  each subsequent violation. Accordingly, Plaintiff seeks an award to be determined at
7  time of trial in compliance with said provisions.

8      25.    Plaintiff has incurred and, during the pendency of this action, will incur
9  expenses for attorney's fees and costs herein. Among other things, Plaintiff is
10  informed and believes, and based thereon alleges, that this action will result in the
11  enforcement of an important right affecting the public interest, that a significant
12  benefit will be conferred thereby upon the general public and/or a large class of
13  persons, that the necessity and financial burden of private enforcement are such as to
14  make a recovery of said fees and costs appropriate, and such fees should in the
15  interests of justice be paid by Defendant. Said attorney's fees and costs are necessary
16  for the prosecution of this action and will result in a benefit for each of the members
17  of the class. Plaintiff will seek to recover said attorneys' fees and costs according to
18  proof at the time of trial herein pursuant to law, including, but not limited to, the
19  provisions of Code of Civil Procedure section 1021.5 and otherwise.

20      **WHEREFORE**, Plaintiff prays judgment against Defendants, and each of
21  them, as follows:

22      1.    For a Court order certifying that the action may be maintained as a
23  class action;

24      2.    As to the First Cause of Action, for an award of a statutory penalty
25  pursuant to California Civil Code § 1747.08(e) for Plaintiff and for each person
26  similarly situated for each violation of Civil Code section 1747.08 in an amount to
27  be determined by the trier-of-fact at trial;

28

1        3.    For reasonable attorneys' fees and costs as allowed by law according

2    to proof; and

3        4.    For any and all such other and further relief as the Court may deem

4    just and proper.

5                                    Respectfully submitted,

6                                    RIDOUT & LYON, LLP

7    Dated: 5/9/11        By:

8                                    Christopher P. Ridout, CA Bar No. 143931

9                                    Devon M. Lyon, CA Bar No. 218293
                                     Caleb LH Marker, CA Bar No. 269721

10                                   555 E. Ocean Boulevard, Suite 500
                                     Long Beach, CA 90802

11                                   (562) 216-7380 Telephone
                                     (562) 216-7385 Fax

12                                   **Attorneys for Plaintiffs**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT (CLASS ACTION)                           10