JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK (Bar No. 083908)
LOUISE ANN FERNANDEZ (Bar No. 86263)
AN NGUYEN RUDA (Bar No. 215453)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:  (310) 203-0567

Attorneys for Defendant Bath & Body Works, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA ROTHMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BATH AND BODY WORKS, LLC, a Delaware limited liability company, and Does 1-500,<br><br>Defendants. | CASE NO.  2:11-cv-03516-DDP-PJW<br><br>**DEFENDANT BATH & BODY WORKS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT (CLASS ACTION)** |

1  Defendant Bath & Body Works, LLC ("Defendant") hereby responds to
2  Plaintiff Norma Rothman's ("Plaintiff") First Amended Complaint and answers,
3  alleges and avers as follows. Defendant reserves the right to amend, add, or strike
4  affirmative defenses as discovery ensues or due to any inadvertence.

## I. NATURE OF THE ACTION

6  1. Answering the allegations of Paragraph 1, Defendant admits that this
7  case is styled as a class action and is brought under the statutes alleged, but denies
8  that Plaintiff can properly certify a class under Rule 23 and denies any liability under
9  Cal. Civ. Code Section 1747.08 ("Song-Beverly Credit Card Act"). As to the balance
10 of the paragraph, deny.

## II. JURISDICTION AND VENUE

12 2. Answering the allegations of Paragraph 2, admit.
13 3. Answering the allegations of Paragraph 3, Defendant does not contest
14 venue, but lacks knowledge and information sufficient to enable it to form a belief as
15 to the truth of the allegations in said paragraph, and on that basis denies the
16 allegations of Paragraph 3.

## III. THE PARTIES

18 4. Answering the allegations of Paragraph 4, Defendant lacks knowledge
19 and information sufficient to enable it to form a belief as to the truth of the allegations
20 in said paragraph, and on that basis denies the allegations of Paragraph 4.
21 5. Answering the allegations of Paragraph 5, Defendant admits except as to
22 the recitation concerning the location of its corporate headquarters, which is misstated
23 as "Reynolds." Further, Defendant admits that its agent for service of process in
24 California as listed on the Secretary of State website is CT Corporation, but no
25 specific address is provided.
26 6. Answering the allegations of Paragraph 6, Defendant admits that this
27 Paragraph contains an accurate recitation of its website:
28 http://www.bathandbodyworks.com/corp/index.jsp;jsessionid=THFHNwgZ9ByFbKq

CVbWxy9Qc1nvMBF2nhGFsFXb9Qtyw2l5MNTWt!-295772419?page=aboutus.

7. Answering the allegations of Paragraph 7, Defendant lacks knowledge and information sufficient to enable it to form a belief as to the truth of the allegations in said paragraph and on that basis denies the allegations of Paragraph 7.

8. Answering the allegations of Paragraph 8, denies as legally improper as Doe allegations are not recognized in federal court practice and only one defendant has been named.

9. Answering the allegations of Paragraph 9, denies as legally improper as Doe allegations are not recognized in federal court practice and only one defendant has been named.

## IV. CLASS ALLEGATIONS

10. Answering the allegations of Paragraph 10, admits that this Paragraph states that this action is being brought as a class action and recites the remedies sought, but denies that the class may be properly certified under Rule 23, or that there is any basis for liability or recovery by Plaintiff or the putative class.

11. Answering the allegations of Paragraph 11, admits that this Paragraph sets forth the proposed class definition and the proposed class period, but denies that the class may be properly certified under Rule 23, or that there is any basis for liability or recovery by Plaintiff or the putative class.

12. Answering the allegations of Paragraph 12, admits that this Paragraph sets forth the various proposed subclasses, but denies that the class may be properly certified under Rule 23, or that there is any basis for liability or recovery by Plaintiff or the putative class.

13. Answering the allegations of Paragraph 13, denies that the class is numerous, and that Plaintiff can meet the numerosity requirement for certification as there is no basis for liability or recovery by Plaintiff or the putative class.

14. Answering the allegations of Paragraph 14, denies that the class is ascertainable, and that Plaintiff can meet the ascertainability requirement for

1  certification as there is no basis for liability or recovery by Plaintiff or the putative class.

15. Answering the allegations of Paragraph 15, admits that Plaintiff has set forth her proposed common questions and issues for certification, but denies that the class may be properly certified under Rule 23, or that there is any basis for liability or recovery by Plaintiff or the putative class.

16. Answering the allegations of Paragraph 16, denies that Plaintiff's claim is typical, and that Plaintiff can meet the typicality requirement for certification as there is no basis for liability or recovery by Plaintiff or the putative class.

17. Answering the allegations of Paragraph 17, Defendant lacks knowledge and information sufficient to enable it to form a belief as to the truth of the allegations in said paragraph, and on that basis denies the allegations of Paragraph 17.

18. Answering the allegations of Paragraph 18, denies that there is a community of interests, and that Plaintiff can meet this requirement for certification as there is no basis for liability or recovery by Plaintiff or the putative class.

19. Answering the allegations of Paragraph 19, deny.

20. Answering the allegations of Paragraph 20, deny.

## V.   **FIRST CAUSE OF ACTION**
### Violation of California Civil Code Section 1747.08

21. Answering the allegations of Paragraph 21, Defendant incorporates by reference each admission, denial, and each answer to every allegation contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Answering the allegations of Paragraph 22, as to Plaintiff's allegations concerning her specific purchases, Defendant lacks knowledge and information sufficient to enable it to form a belief as to the truth of the allegations in said Paragraph, and on that basis denies these allegations. As to Plaintiff's allegation that her personal identification information was recorded by Defendant, deny.

23. Answering the allegations of Paragraph 23, deny.

24. Answering the allegations of Paragraph 24, admits that Plaintiff has recited the possible penalties for violations of Cal. Civ. Code Section 1747.08, but denies that Plaintiff or the putative class are entitled to the recited recovery or that such penalty may be awarded here.

25. Answering the allegations of Paragraph 25, admits that Plaintiff has recited her entitlement to attorneys' fees and costs in this matter, but denies that any such relief is recoverable against Defendant.

26. Answering the Prayer for Relief, denies that Plaintiff or the putative class is entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

27. Defendant alleges that the First Amended Complaint and the claims asserted therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

28. The First Amended Complaint is barred, in whole or in part, because Defendant did not request or require that Plaintiff or any member of the putative class provide and record personal identification information as a condition to accepting a credit card as payment in full or in part for goods or services. Defendant's computer system is designed to prevent store personnel from requesting or recording a customer's personal identification information in connection with a California credit card transaction.

### THIRD AFFIRMATIVE DEFENSE

29. The First Amended Complaint and the claims asserted therein are barred because, to the extent Defendant engaged in any of the alleged acts, omissions, or conduct, it did so with innocent intent at all times.

### FOURTH AFFIRMATIVE DEFENSE

30. The First Amended Complaint is barred, in whole or in part, to the extent

Plaintiff and each member of the putative class provided the personal identification information voluntarily and/or with knowledge that providing such information was not a condition to Defendant's accepting the credit card as payment in full or in part for goods or services.

### FIFTH AFFIRMATIVE DEFENSE

31. Pursuant to Civil Code Section 1747.08 (c)(1), Defendant's conduct satisfies the safe harbor provision to Civil Code Section 1747.08, in that, if Defendant required it at all, customer personal identification information was required because the credit card was being used as a deposit to secure payment in the event of default, loss, damage, or other similar occurrence.

### SIXTH AFFIRMATIVE DEFENSE

32. Pursuant to Civil Code Section 1748.08(c)(3), the First Amended Complaint is barred, in whole or in part, to the extent Defendant requested or required that Plaintiff or any member of the putative class provide personal identification information where Defendant was obligated to request such information in order to complete the credit card transaction or was obligated to collect and record the personal identification information by federal law or regulation.

### SEVENTH AFFIRMATIVE DEFENSE

33. Pursuant to Civil Code Section 1747(c)(4), the First Amended Complaint and the claims asserted therein are barred because the alleged request for personal identification information, if any, was for a special purpose incidental but related to the individual credit card transaction that allegedly occurred.

### EIGHTH AFFIRMATIVE DEFENSE

34. The First Amended Complaint is barred to the extent that any request for personal identification information was made for any of the reasons listed in Civil Code Section 1747(c)(1)-(4).

### NINTH AFFIRMATIVE DEFENSE

35. Pursuant to Civil Code Section 1747.08(d), the First Amended

Complaint and the claims asserted therein are barred to the extent that any request for personal identification information was made, it was made for the purposes of this section.

### TENTH AFFIRMATIVE DEFENSE

36. Pursuant to Civil Code Section 1747.08(e), the First Amended Complaint and the claims asserted therein are barred because to the extent any alleged violation occurred, which Defendant denies, any such violation was not intentional and resulted from a bona fide error made notwithstanding Defendant's maintenance of procedures reasonably adopted to avoid that error.

### ELEVENTH AFFIRMATIVE DEFENSE

37. The First Amended Complaint is barred, in whole or in part, because Defendant has substantially complied with any and all applicable statutes, regulations and/or laws, including but not limited to the applicable provisions of Civil Code Section 1747.08.

### TWELTH AFFIRMATIVE DEFENSE

38. Defendant alleges that at all times mentioned in the First Amended Complaint, Defendant acted lawfully and within its legal rights, with a good-faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose, business necessity, business justification and/or economic justification or judgment. Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, by Defendant were justified under the circumstances based on information reasonably available to Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

39. The First Amended Complaint and the claims asserted therein are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

40. The First Amended Complaint and the claims asserted therein are barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

41. The First Amended Complaint and the claims asserted therein are barred by the doctrine of estoppel because Plaintiff expressly or by her conduct approved, authorized, ratified, consented to, or voluntarily provided any alleged personal identification information or the alleged collection and recordation thereof.

### SIXTEENTH AFFIRMATIVE DEFENSE

42. The First Amended Complaint and the claims asserted therein are barred by the doctrine of waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

43. The First Amended Complaint is barred, in whole or in part, because neither Plaintiff nor any member of the putative class suffered any legally cognizable or other injury or damage as a result of the conduct alleged in the First Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff and/or putative class members are barred from any recovery under the First Amended Complaint herein and each purported cause of action contained therein because Plaintiff and/or putative class members have failed to mitigate their alleged damages, if any, as required by law.

### NINTEENTH AFFIRMATIVE DEFENSE

45. Any injury or damage suffered or sustained by Plaintiff and/or putative class members, either as alleged in the First Amended Complaint or at all, was directly and proximately caused and contributed to by persons and entities other than Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

46. Plaintiff's claim for attorneys' fees in the Prayer of the First Amended Complaint is not authorized by statute, contract, or law, and is therefore improper.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

47. This action is not maintainable as a class action, and relief on a class-

wide basis is not appropriate because Plaintiff has failed to allege and cannot prove the facts and prerequisites necessary for the maintenance of a class action, including but not limited to typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class representative and class counsel, or predomination of common facts and/or damage questions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

48. Plaintiff and/or putative class members cannot properly bring this case as a class action since they cannot satisfy the requirements of California Code of Civil Procedure section 382 and Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

49. Plaintiff cannot maintain a representative action because the putative Plaintiff is not similarly situated as other members of the putative class.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

50. The First Amended Complaint and the claims asserted therein are barred because the parties entered into a contract authorizing the acts or conduct complained of and on which Plaintiff seeks to recover civil penalties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

51. The First Amended Complaint and the claims asserted therein are barred because Plaintiff expressly or by her conduct approved, authorized, ratified, permitted, voluntarily provided, requested, or consented to the alleged wrongful acts or conduct, and she is therefore precluded from recovery.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

52. The First Amended Complaint and the claims asserted therein are barred because Plaintiff lacks standing to bring the First Amended Complaint or assert the claims therein, individually or on behalf of the purported class.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

53. The First Amended Complaint and the claims asserted therein are barred by the applicable statute of limitations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff has asserted this action in bad faith and has no proper basis for filing or maintaining this action against Defendant. Plaintiff's prosecution of this action against Defendant is in violation of Rule 11.

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves its right to amend this Answer to assert any such defenses.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment against Plaintiff and/or putative class members as follows:

1. That Plaintiff and/or putative class members take nothing by reason of their First Amended Complaint;

2. For costs of suit incurred herein, including reasonable attorneys fees; and

3. For such other and further relief as this Court may deem just and proper.

DATED: June 9, 2011

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK
LOUISE ANN FERNANDEZ
AN NGUYEN RUDA

By: _____
AN NGUYEN RUDA
Attorneys for Defendant Bath & Body Works, LLC